**FILED**
**MARCH 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT P. SINKHORN, ) | |
| ) | |
| Plaintiff, ) | No: |
| ) | |
| vs. ) | **08 C 1431** |
| ) | |
| MARY E. PETERS, SECRETARY OF THE ) | |
| DEPARTMENT OF TRANSPORTATION, ) | |
| ) | JURY DEMAND  JUDGE KENDALL |
| Defendant. ) | MAGISTRATE JUDGE KEYS |

COMPLAINT
AS AND FOR A FIRST COUNT OF ACTION
(Title VII- SEX DISCRIMINATION)

**Nature of the Action**

1. SCOTT P. SINKHORN, ("SINKHORN") brings this action under Title VII of the Civil Rights Act of 1964 and as amended by <u>inter alia,</u> the Civil Rights Act of 1991, <u>42 U.S.C.A. §§ 2000e</u> et seq., ("Title VII"). venue jurisdiction under <u>28 U.S.C.A. § 1343 (4)</u> and <u>42 U.S.C.A. § 2000e-5(f),</u> for DEPARTMENT OF TRANSPORTATION ("DOT") having subjected SINKHORN to sex discrimination by failure to treat him the same as other white female employees despite SINKHORN's repeated complaints about same.

2. SINKHORN, is an adult white male working in a racially diverse office..

**PARTIES**

3. SINKHORN is an adult person and a resident of DuPage County, State of Illinois.

4. SINKHORN is an employee of FEDERAL AVIATION ADMINISTRATION (FAA), which is a Department of DOT.

5. At all times relevant, DOT has been and is a Federal Agency of the Government and MARY E. PETERS, is the Secretary of Transportation of DOT.

6. EPA is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq.*, and has been at all times material to the allegations herein.

## FACTUAL BASIS

7. That SINKHORN was treated differently than females in the assignment and duties at FAA. SINKHORN was held to a higher standard than females.

8. Further, DOT and FAA by its action or actions of its' agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of SINKHORN's employment and SINKHORN's performance in his job, and created a sexually hostile and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

9. DOT's and FAA's violation of the Civil Rights Act of 1964 has proximately caused SINKHORN to suffer damages.

10. The FAA's violation of SINKHORN rights was willful.

11. By reason of the sex discrimination of FAA, SINKHORN has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

### AS AND FOR A SECOND COUNT OF ACTION
### (Title VII-RACE DISCRIMINATION)

**Nature of the Action**

12. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, for the Defendant, DOT and FAA having

19. By reason of the retaliation of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

20. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Title VII-HOSTILE ENVIRONMENT)

21. SINKHORN repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

22. Further, Stan Baginski, Curtis Ward and other employees of FAA have openly made disparaging remarks against him and to other employees of FAA due to his complaints against the conduct of those individuals and the FAA made in his EEO complaints and direct complaints of the other employees to his immediate supervisors. Further, agents of DOT and FAA have undermined the authority of SINKHORN with employees that he is responsible for their conduct and supervision.

23. SINKHORN believes that all the above occurrences were directing caused from his EEOC filing.

24. Further, job efficiency of SINKHORN has become impaired by the wrongful conduct of agents of FAA making it very difficult to work at FAA.

25. SINKHORN, as a result of this situation, his health has been affected.

26. By reason of the retaliation of FAA, SINKHORN has suffered great pain, humiliation and mental anguish, all to his damage.

27. Further, said action on the part of the FAA was done with malice and reckless disregard for Plaintiffs' protected rights.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Title VII-RETALIATION (CONTINUING VIOLATION)

28. SINKHORN repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

29. That since filing his EEO complaints there has been a continuing violation of retaliation and hostile

30. The office efficiency of SINKHORN has become impaired by the wrongful conduct of employees of FAA, making it very difficult for SINKHORN to work at the FAA

31. SINKHORN's health has become impaired as a result of retaliation by the FAA.

32. As a result of retaliation and discrimination against SINKHORN, he has lost tangible employment benefits from the FAA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole so there are no future retaliations or blocked opportunities and for any losses caused by the violations of Defendant;

3. For compensatory damages of $300,000.00 for each count set forth above;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

SCOTT P. SINKHORN

BY: /s/ Michael T. Smith
Michael T. SMITH
Trial Attorney

5

Michael T. Smith
6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626

RECEIVED
12-20-07



**U.S. Department of Transportation**

Departmental Office of Civil Rights

Chicago Regional Office
2300 E. Devon Avenue. Suite 406
Des Plaines, IL 60018

Office of the Secretary
Of Transportation

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED -7004135000316488794**

December 18, 2007

Mr. Scott P. Sinkhorn
983 Kenilworth Circle
Naperville, IL 60540

RE:  DOT Complaint No. 2006-21091-FAA-04

Dear Mr. Sinkhorn:

We are transmitting the Final Order (FO) in your complaint of discrimination filed against the Department of Transportation and the Federal Aviation Administration.
At your request, your complaint was sent to the Equal Employment Opportunity Commission (EEOC) for a hearing before an Administrative Judge (AJ).  That process has been completed and the AJ issued a decision to dismiss your complaint. We have reviewed and analyzed the entire record in the complaint, and are accepting and fully implementing the AJ's decision.

If you are dissatisfied with this final order, you have the following appeal rights:

Within 30 calendar days of your receipt of this final decision, you have the right to appeal this decision to the:

**Director, Office of Federal Operations**
**Equal Employment Opportunity Commission**
**P.O. Box 19848**
**Washington, DC  20036**

(EEOC Form 573, Notice of Appeal/Petition, enclosed for this purpose.)

Within 90 calendar days of your receipt of this action, you may file a civil suit in an appropriate U.S. District Court.  The Court, at your request, may appoint and authorize

*Exhibit A*

legal counsel in circumstances that it deems just without the payment of fees, costs, or security. The granting or denial of the request is within the sole discretion of the Court.

You must name the person who is the official agency head or department head and his or her official title as the defendant in your appeal. In your case, you must name the following official as the defendant:

>The Honorable Mary E. Peters
>Secretary of Transportation
>1200 New Jersey Avenue, S.E.
>Washington, D.C. 20590

Failure to provide the name or official title of the agency head or department head may result in dismissal of your case.

Please be advised that at the time you file any appeal or civil action, you must furnish a copy of the appeal documents to the following officials:

>Regional Director
>Departmental Office of Civil Rights
>Department of Transportation
>Chicago Regional Office
>2300 East Devon Avenue
>Des Plaines, IL 60018
>
>Jeffrey Klang
>Office of the Assistant Chief Counsel, AGL-7
>Federal Aviation Administration
>2300 East Devon Avenue
>Des Plaines, IL 60018

Sincerely,

*[signature: Judy S. Sommers]*

Judy S. Sommers, Director
Departmental Office of Civil Rights
Chicago Regional Office

cc:   Winston J. Jackson, AJ, EEOC
      AGL-9
      AGC-30

Enclosure