UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT P. SINKHORN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARY E. PETERS, SECRETARY OF THE )<br>DEPARTMENT OF TRANSPORTATION, )<br>)<br>Defendant. ) | No. 08 C 1431<br><br>Judge Kendall |

**ANSWER TO SECOND AMENDED COMPLAINT**

**AS AND FOR A FIRST COUNT OF ACTION**
**(Title VII-SEX DISCRIMINATION)**

The United States, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for its answer to the second amended complaint, states as follows:

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

**Nature of Action**

1. SCOTT P. SINKHORN, ("SINKHORN") after leave of court, brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., ("ACT"), venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for DEPARTMENT OF TRANSPORTATION ("DOT") having subjected SINKHORN to sex discrimination by failure to treat him the same as other white female employees despite SINKHORN's repeated complaints about same.

**Answer:** Defendant admits that this action is brought under Title VII and that venue is proper, but denies that Sinkhorn was discriminated against.

2.  SINKHORN is an adult white male working in a sexually and racially diverse office.

**Answer:** Defendant admits the allegations in paragraph 2.

## PARTIES

3.  SINKHORN is an adult person and a resident of DuPage County, State of Illinois.

**Answer:** Upon information and belief, defendant admits the allegations in paragraph 3.

4.  SINKHORN is an employee of FEDERAL AVIATION ADMINISTRATION (FAA), which is a Department of DOT.

**Answer:** Defendant admits that SINKHORN is an employee of the FAA but denies that FAA is a "Department" of the DOT. It is an operating administration/agency under DOT.

5.  At all times relevant, DOT has been and is a Federal Agency of the Government and MARY E. PETERS, is the Secretary of Transportation of DOT.

**Answer:** Defendant admits that Mary E. Peters is the Secretary of Transportation but denies that DOT is an Agency but a Federal Executive Department.

6.  DOT is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq.,* and has been at all times material to the allegations herein.

**Answer:** Defendant admits the allegations contained in paragraph 6.

## FACTUAL BASIS

7.  That SINKHORN was treated differently than females in the handling of any work environment complaints such as harassment, hostile work environment, or benefits where female complaints or issues are handled differently and in a timelier manner than SINKHORN's. SINKHORN has supplied Chicago Air Traffic Control Center management (ARTCC) with various

complaints for which SINKHORN was ignored and treated differently than females who made similar complaints to ARTCC. Their complaints were processed quicker and corrective action taken to the satisfaction of the female complainant. Management failed to take an corrective action for SINKHORN because he is a male.

 **Answer:** Defendant denies the allegations in paragraph 7.

 8. Further, DOT and FAA by its action or inactions of its' agents based upon SINKHORN's complaints in the work place, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of SINKHORN's employment and SINKHORN's performance in his job, and created a sexually hostile and offensive work environment. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter alia</u> the Civil Rights Act of 1991.

 **Answer:** Defendant denies the allegations in paragraph 8.

 9. DOT's and FAA's violation of the Civil Rights Act of 1964 has proximately caused SINKHORN to suffer damages.

 **Answer:** Defendant denies the allegations in paragraph 9.

 10. The FAA's violation of SINKHORN rights was willful.

 **Answer:** Defendant denies the allegations in paragraph 10.

 11. By reason of the sex discrimination of FAA, SINKHORN has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

 **Answer:** Defendant denies the allegations in paragraph 11.

 12. Plaintiff filed a discrimination charge against Defendant with the Equal Employment

Opportunity Commission Office of Federal Operations (EEO). That charge was timely filed under the internal policy and procedures of DOT and after filing went through various stages of litigation.

**Answer:** Defendant admits that Plaintiff filed a discrimination charge. Defendant denies the remainder of paragraph 12. Defendant further avers that Plaintiff appealed to the OFO and that the Administrative Judge dismissed the case for failure to state a claim.

13. On December 20, 2007, Plaintiff received notice from the DOT of his right to bring this action (see Exhibit "A"), and Plaintiff timely filed this action.

**Answer:** Defendant cannot admit nor deny the allegations contained in paragraph 13, but admits that a notice dated December 18, 2007 was sent to Plaintiff.

## AS AND FOR A SECOND COUNT OF ACTION
### (Title VII-RACE DISCRIMINATION)

### Nature of Action

14. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, for the Defendant, DOT and FAA having subjected Plaintiff, SINKHORN to racial discrimination by failure to treat him the same as other non-white employees despite SINKHORN'S repeated complaints about same.

**Answer:** Defendant admits that Plaintiff's action is brought under Title VII but denies that Sinkhorn was discriminated against.

15. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

**Answer:** Defendant repeats his answers to every allegation set forth in paragraphs 1-14 as though fully set forth herein.

16. Defendant by its action or in actions of its agents treated SINKHORN differently than non-Caucasians in the handling of his work environment complaints such harassment, hostile environment and the use of sexually and racially charged language, where non-Caucasians complaints are handled differently and quicker than SINKHORN's complaints. SINKHORN has supplied Chicago Air Traffic Control Center management (ARTCC) with various complaints for which SINKHORN was ignored and treated differently than non-Caucasians who made similar complaints to ARTCC. This wrongful conduct, caused and created, a hostile work environment which unreasonably interfered with the terms and condition of Plaintiffs employment and Plaintiff performance in his job and created a racial, hostile and offensive work environment. Management failed to take an corrective action for SINKHORN because he is a Caucasian. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia THE Civil Rights Act of 1991.

**Answer:** Defendant denies the allegations in paragraph 16.

17. By reason of the racial discrimination of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

**Answer:** Defendant denies the allegations in paragraph 17.

18. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiff's protected rights.

**Answer:** Defendant denies the allegations in paragraph 18.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Title VII-Retaliation)**

19. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**Answer:** Defendant repeats his answers to every allegation set forth in paragraphs 1-18 as though fully set forth herein.

20. Defendant has intentionally retaliated against Plaintiff, based upon filing prior complaints to ARTCC for Race Discrimination, Sex Discrimination, Disparate Treatment, Hostile Environment and have failed to allow him to train other employees. ARTCC management failed to address the concerns of SINKHORN, and commanded that he cease and desist from filing complaints with the EEO. After SINKHORN failed to give up his rights to complain over his wrongful treatment, Defendants agents created a hostile, retaliatory and offensive work, hostile and retaliatory environment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

**Answer:** Defendant denies the allegations in paragraph 20.

21. SINKHORN was advised by Bill Cound that SINKHORN's career with the FAA would suffer unless SINKHORN's complaining stopped that SINKHORN had viewed as wrongful.

**Answer:** Defendant denies the allegations in paragraph 21.

22. SINKHORN was threatened by Gordon Woodahl to stop complaining about the work environment else SINKHORN would suffer disciplinary actions in the future.

**Answer:** Defendant denies the allegations in paragraph 22.

23. SINKHORN was also denied sick leave in retaliation for his posting of complaints over his treatment and his environment.

**Answer:** Defendant denies the allegations in paragraph 23.

14.[sic]  By reason of the retaliation of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

**Answer:**  Defendant denies the allegations in paragraph 14.

25.  Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

**Answer:**  Defendant denies the allegations in paragraph 25.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Title VII-HOSTILE ENVIRONMENT)

26.  SINKHORN repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

**Answer:**  Defendant repeats his answers to every allegation set forth in paragraphs 1-25 as though fully set forth herein.

27.  Further, Stan Baginski, Curtis Ward and other employees of FAA have openly made sexually and racially disparaging remarks around SINKHORN such as, cock, dick, shlong, cunt, twat, fuck, shit, asshole, bunghole, spic, nigger, bitch, Jew boy and similar language.  Further, an employee at SINKHORN's worksite finds pleasure in requesting to expel bodily gas by stating "fire in the hole," "request permission to blow", "give me some room to fart."  These verbal acts being done by the employees of FAA in retaliation for SINKHORN's allegations against the improper conduct of those same individuals made in his prior EEO complaints.

**Answer:**  Defendant denies the allegations contained in paragraph 27.

28.  SINKHORN believes that all of the above occurrences were directing caused from his EEOC filing.

**Answer:**  Defendant denies the allegations contained in paragraph 28.

29.     Further, job efficiency of SINKHORN has become impaired by the wrongful conduct of agents of FAA making it very difficult to work at FAA.

**Answer:**     Defendant denies the allegations contained in paragraph 29.

30.     SINKHORN, as a result of this situation, his health has been affected.

**Answer:**     Defendant denies the allegations contained in paragraph 30.

31.     By reason of the retaliation of FAA, SINKHORN has suffered great pain, humiliation and mental anguish, all to his damage.

**Answer:**     Defendant denies the allegations contained in paragraph 31.

32.     Further, said action on the part of the FAA was done with malice and reckless disregard for Plaintiffs' protected rights.

**Answer:**     Defendant denies the allegations contained in paragraph 32.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2.     For injunctive relief, including but not limited to relief required to make Plaintiff whole so there are no future retaliations or blocked opportunities and for any losses caused by the violations of Defendant;

3.     For compensatory damages of $300,000.00 for each count set forth above;

4.     For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A. § 12117(a). which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5.     For such other and further relief as the court deems proper.

**Answer:** Defendant denies that plaintiff is entitled to any relief and prays for judgment in its favor.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/Kathryn A. Kelly
   KATHRYN A. KELLY
   Assistant United States Attorney
   219 South Dearborn Street
   Chicago, Illinois
   (312) 353-1936
   kathryn.kelly@usdoj.gov